United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re: ) | |
| ) | |
| Complaint of Refine Coach, Inc. and ) | Civil Action No. 18-20110-Civ-Scola |
| Adalberto Claro as Owners of the ) | |
| 2003 366 Carver Motor Yacht ) | |
| Bearing Hull Identification Number ) | |
| CDRR4016H203, Her Engines, ) | In Admiralty |
| Tackle, Apparel and Appurtenances, ) | |
| for Exoneration From or Limitation of ) | |
| Liability. ) | |

**Omnibus Order on Motion to Set Aside Default Judgment and Plaintiffs' Renewed Motion for Default Judgment**

This matter is before the Court upon the Plaintiffs' renewed motion for default judgment against non-filing claimants (ECF No. 42) and claimant Mark Hackmeyer's motion to set aside the clerk's entry of default (ECF No. 45). After considering the motion, the record, and the relevant legal authorities, the Court **grants** Plaintiffs' renewed motion for default judgment (**ECF No. 42**) and **denies** Hackmeyer's motion to set aside entry of default (**ECF No. 45**.)

**1. Background**

Plaintiffs are the owners of a 2003 366 Carver Motor Yacht bearing the hull identification number CDRR4016H203, her engines, tackle, apparel, and appurtenances, which came loose from her moorings on or about September 10, 2017 during Hurricane Irma. (Compl. at ¶¶ 3,4, 10, ECF No. 1.) After receiving notice of possible claims against them for property damage alleged to have been caused by their vessel, the Plaintiffs instituted this action for exoneration from liability or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"). (*Id.*)

Following the commencement of this action, the Court entered an Order Approving Ad Interim Stipulation of Value and Directing Issuance of Monition and Injunction (ECF No. 6), which set a deadline of February 28, 2018 for all claimants to file claims or answers to the complaint. (*Id.*) The Court also required that the Plaintiffs publish a public notice of the monition once each week for four

successive weeks in The Miami Herald and that "not later than the date of the second weekly publication, a copy of said notice be mailed by the Plaintiffs to every person or corporation known by the Plaintiffs to have a claim against the Plaintiffs arising out of the accident set forth in the Complaint." (*Id.* at 2.)

In compliance with the Court's order, the Plaintiffs published a notice of the deadline to file claims in The Miami Herald once a week for four successive weeks. (Aff. of Publication, ECF No. 11.) They also provided actual notice of these proceedings to Heckmeyer by certified mail. (Klopfenstein Decl. at ¶¶ 3, 5, ECF No. 42-1.) The letter stated that "any persons or corporation claiming damages as a result of the occurrence described in the complaint [must] file their claim with the Clerk of Court and . . . serve on the attorneys for Plaintiff copies thereof on or before February 28, 2018. Failure to do so may result in a default." (*Id.* at 3.)

The only claimant to appear was Claimant Ashley Condominium Corporation, Inc. On March 6, 2018, the Plaintiffs filed a motion for entry of Clerk's default against the non-filing claimants and the Clerk then entered default. (ECF Nos. 12, 13.) The next week, Plaintiffs filed a motion for default judgment. (ECF No. 14.)

In the meantime, the Plaintiffs and Ashley Condominium filed a joint stipulation of dismissal with prejudice in August (ECF No. 37), which is self-executing and prevents the Court from doing anything further as to their dispute. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012). The Plaintiffs and Ashley Condominium settled their claims and as part of their settlement transferred title to their boat to Ashley Condominium. (Response at 3, ECF No. 46.)

On September 11, 2018, the Court entered an order denying the Plaintiffs' motion for default judgment without prejudice, citing that there was insufficient evidence to conclude that the Plaintiffs complied with this Court's order. The same day, counsel for Hackmeyer filed a notice of appearance and extension of time to respond to the Complaint. (ECF Nos. 39, 40.) The next day, September 12, 2018, Plaintiffs filed their renewed motion for default judgment. (ECF No. 42.) Hackmeyer filed his motion to set aside entry of default on October 1, 2018. (ECF No. 45.)

### 2. Motion to Set Aside Entry of Default

### A. Legal Standard

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.*, 922 F. Supp. 1534, 1536

(S.D. Fla. 1996) (Moore, J.). A "court may set aside an entry of default for good cause". Fed. R. Civ. P. 55(c). *See also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion,* 88 F. 3d 948, 951 (11th Cir. 1996). To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania,* 88 F.3d at 951. "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.*

### B. Analysis

Hackmeyer devotes a total of two brief paragraphs to his "good cause" argument. (Motion at ¶¶ 13-14, ECF No. 45.) Hackmeyer asserts that his default was neither culpable or willful because he did not understand the court's procedure and believed that the letter received from Plaintiffs' counsel did not require further action. (*Id.* at ¶ 14.) He argues that the Plaintiffs will not be prejudiced by the Court setting aside the entry of default. (*Id.*)

The Plaintiffs argue that Hackmeyer's failure to appear was willful because he received actual notice of the proceedings and did not respond until six months after the Court's deadline. (ECF No. 46 at 8.) His knowledge of the proceedings is supported by the Declaration of Martha Charlesworth. (ECF No. 46-1.) Ms. Charlesworth, an insurance adjuster for Boat U.S., spoke to Mr. Hackmeyer on February 1, 2018. (*Id.* at ¶¶ 10-11.) She states that Mr. Hackmeyer asked her "what he should do about the limitation of liability suit that had been filed on behalf of [Plaintiffs]." (*Id.* at ¶ 10.) She told him she could not offer him legal advice but he was free to consult with an attorney. (*Id.* at ¶ 11.) Furthermore, the Plaintiffs argue that they will be prejudiced by the set aside because they settled with Ashley Condominium under the impression that it was the *only* claimant. (ECF No. 46 at 9.) They not only settled for a monetary sum, but also transferred title of the boat. (*Id.*) The Court is persuaded by the Plaintiffs' position.

To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania,* 88 F.3d at 951. These factors weigh in favor of denying Hackmeyer's motion.

First, Hackmeyer states that he failed to appear because he believed that the letter received from the Plaintiffs' counsel was nothing more than a notice of his insurance claim and that he did not have to take any further action. (ECF No. 45 at ¶ 13.) The Court finds Hackmeyer's position disingenuous. *See U.S. v.*

*Nails*, 177 F.R.D 696, 698 (S.D. Fla. 1997) (Moore, J.) (finding that "defendant's claim of ignorance is contradicted by the plain language of the summons"). The plain language of the letter directed Hackmeyer to file a claim with the Court or risk default. (ECF No. 42-1 at pp. 3–6.) He also spoke to the insurance adjuster and asked her about the lawsuit. (ECF No. 46-1 at ¶ 10.) "When a litigant has been given ample opportunity to comply with court orders but fails to affect any compliance, the result may be deemed willful." *Compania,* 88 F.3d at 952. Accordingly, this factor weighs in favor of denying Hackmeyer's motion.

Second, Hackmeyer argues that the Plaintiffs would not be prejudiced if the Court set aside the entry of default. (ECF No. 45 at ¶ 14.) The Court disagrees. The Plaintiffs and Ashley Condominium settled the claim based on the belief that there was only a single claim in the current action. (ECF No. 46 at p. 9; *see* ECF No 37.) They dismissed the claim with prejudice because the claims were no longer "pending and undetermined." *See Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359, 362 (5th Cir. 1963) (holding that if claims are still "pending and undetermined . . . the court will freely grant permission to file late claims."). Moreover, Plaintiffs transferred title and no longer have access to the boat for purposes of an inspection and accident analysis, further prejudicing the Plaintiffs. *See Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 08-CV-80535, 2008 WL 162754, at *3 (S.D. Fla. 2008) (Marra, J.) (noting that prejudice would result if there was a loss of evidence or discovery difficulties). Accordingly, this factor also weighs in favor of denying Heckmeyer's motion.

Lastly, Hackmeyer does not present a meritorious defense. "While Defendant includes a brief memorandum of law, Defendant fails to provide the Court with a thorough analysis as required under Rule 55(c)." *Microsoft Corp. v. Your Shop Online, LLC*, 320 F.R.D. 93, 94 (S.D. Fla. 2016) (Ungaro, J.) (denying motion to set aside entry of default). Accordingly, the Court finds that Hackmeyer has failed to show good cause to set aside the entry of default.

### 3. Plaintiffs' Default Judgment Against Non-Filing Claimants

The Court must now determine if it should enter a default judgment in favor of Plaintiffs in this case. Upon review of the record, the Court finds that there is sufficient evidence to conclude that the Plaintiffs complied with this Court's order, Supplemental Rule F, and the Court's Local Rules, so as to grant the Plaintiffs' motion.

### A. Legal Standard

In actions to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Admiralty or Maritime Claims to the

Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. *See In re: Ruth*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted by In re 37' 2000 Intrepid Powerboat*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016).

> The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. R. F(4). After this notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this Rule." Fed. R. Civ. P. Supp. R. F(5).

Under these rules, a default judgment "*will* be entered" against any claimant who fails to respond to public notice of a complaint for exoneration within the notice period "so long as the petitioner has fulfilled his obligation to publish notice of the limitation proceeding ... the Notice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re: Ruth*, 2016 WL 4708021 at *2 (citations and quotations omitted).

### B. Analysis

The Plaintiffs seek the entry of default judgment against all persons and entities who failed to file claims or answers by the February 28, 2018 deadline, including Hackmeyer. (ECF No. 42.) Other courts in the Eleventh Circuit have entered default judgment against non-filing claimants when the plaintiffs provided the requisite notice and the potential claimants failed to respond within the deadline. *See, e.g., In re: Tranter,* No:2:17-CV-144-FtM-38MRM, 2018 WL 1089684, at *1–2 (M.D. Fla. Feb. 28, 2018); *In re: Ruth*, 2016 WL 4708021, at *2 (recommending granting of motion for default judgment against all potential claimants who failed to file claim after notice was provided); *Olympia Dev. Grp. v. Non-Filing Claimants*, No: 8:09-cv-03230-VMC-AEP, 2010 WL 145887, at *1 (M.D. Fla. Jan. 8, 2010) (granting motion for default judgment against all persons and entities that had not filed a claim by the deadline after notice was provided).

Here, the Court ordered that in addition to having a public notice of the monition published in The Miami Herald for four consecutive weeks, that a "copy of said notice be mailed by the Plaintiffs to every person or corporation known by the Plaintiffs to have a claim against the Plaintiffs arising out of the accident set forth in the Complaint" no later than the date of the second weekly publication. (Order at 2, ECF No. 6.) The Plaintiffs have provided documentation that they have fulfilled their obligation as required by Supplemental Rule F and this Court's order. (ECF Nos. 11, 42-1.)

The notice in The Miami Herald and letters mailed by the Plaintiffs to known possible claimants expressly state that the deadline for filing a claim was **February 28, 2018**, and that the consequence of failing to file a timely claim was default. (*Id.*) In short, the deadline mandated by the Court for filing claims has expired and the only entity or person to file a claim within the time set forth in the notice was Ashley Condominium, and its claim has been resolved. (ECF No. 37.) Because the Plaintiffs satisfied their responsibilities, the Court will grant default judgment.

### 4. Conclusion

In sum, the Court finds that Hackmeyer failed to show good cause to set aside the clerk's entry of default. Accordingly, Hackmeyer's motion (**ECF No. 45**) is **denied**.

The Plaintiffs' renewed motion for default judgment against non-filing claimants (**ECF No. 42**) is **granted**. The Court enters default judgment in favor of Plaintiffs Refine Coach, Inc. and Adalberto Claro, as owners of the 2003 366 Carver Motor Yacht Bearing Hull Identification Number CDRR4016H203, her engines, tackle, apparel, and appurtenances and against all claimants who have not timely filed claims or answers in response to Plaintiffs' Verified Complaint for Exoneration From or Limitation of Liability.

The parties' joint motion for a status conference (**ECF No. 47**) is **denied** as moot.

The Court **directs** the Clerk to **close** this case.

**Done and ordered** at Miami, Florida, on March 14, 2019.

Robert N. Scola, Jr.
United States District Judge